John J. Hebert (#010633)
Mark W. Roth (#010708)
Wesley D. Ray (#026351)
**POLSINELLI SHUGHART PC**
CityScape Plaza
One E. Washington Street, Suite 1200
Phoenix, AZ  85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
E-mail:  PhoenixBankruptcyECF@polsinelli.com
E-Mail:  jhebert@polsinelli.com
E-mail:  mroth@polsinelli.com
E-mail:  wray@polsinelli.com

*Attorneys for Debtor*

### IN THE UNITED STATES BANKRUPTCY COURT

### THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| DOVE VALLEY SCOTTSDALE, LLC | Case No. 2:11-bk-11450-CGC |
| Debtor. | **VERIFIED STATEMENT MADE PURSUANT TO RULE 2014 BY ATTORNEYS FOR THE DEBTOR** |

STATE OF ARIZONA      )
                            ) ss.
County of Maricopa    )

        MARK W. ROTH, being first duly sworn, deposes and states:

        1.      I am a shareholder with the law firm of Polsinelli Shughart PC ("PS") which is located at the CityScape Plaza, One E. Washington, Suite 1200, Phoenix, Arizona.

        2.      I am duly admitted to practice law in the State of Arizona and am in good standing.

        3.      I practice in the field of bankruptcy law and am qualified to represent the Debtor.

        4.      The range of hourly rates charged by PS is as follows:

                            Partners:    $275 – $600 per hour
                            Associates:  $220 – $250 per hour
                            Paralegals:  $135 – $145 per hour

        A copy of the Debtor's Fee Agreement with PS is attached hereto as Exhibit "A" and incorporated herein by this reference.

1

5.    To the best of my knowledge, neither I nor this firm have any connection with the Debtor, its creditors, or any other party in interest, or any of its respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and represents no interest adverse to the Debtor or its bankruptcy estate, except as follows:

a.    PS has, in the past, represented Dennis Mastro, Jeffrey Mastro and Michael Mastro in their individual capacities and may continue to represent them in their individual capacities on matters not related to this chapter 11 case.

6.    PS is a disinterested party as that term is defined by 11 U.S.C. § 101 in that it is not a creditor, equity security holder, or an insider of the Debtor.  PS will act in the best interests of the Debtor and will represent no other interest than the Debtor's during this Chapter 11 proceeding.

By: _____
       Mark W. Roth

SUBSCRIBED AND SWORN to before me this 22th day of April, 2011, by Mark W. Roth.

[Notary Seal]

_____
          /s/ Diane Ashworth
              Notary Public

My Commission Expires:

  January 10, 2013  

2

2789528.1

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed (or served via electronic notification if indicated by an "*") |
| 2 | on April 22th, 2011, to: |
| 3 | U.S. TRUSTEE'S OFFICE |
| 4 | 230 N. 1st Avenue, Suite 204<br>Phoenix, AZ  85003 |
| 5 | |
| | By:  ___/s/ *Cathie Bernales*_____ |
| 6 | |

3

2789528.1

# EXHIBIT A



CityScape
One East Washington Street
Suite 1200
Phoenix, AZ 85004
(602) 650-2000
Fax: (602) 264-7033
www.polsinelli.com

Mark W. Roth
(602) 650-2012
mroth@polsinelli.com

April 14, 2011

**Via Email; jeff@mastrodevelopment.com**
**and U.S. First Class Mail**
Jeff Mastro
MASTRO PROPERTIES
16441 North 90th Street
Scottsdale, AZ 85260

     **RE:    Chapter 11 Representation of Dove Valley Scottsdale, LLC**

Dear Mr. Mastro:

     This will confirm that you have retained us to represent Dove Valley Scottsdale, LLC ("Client") on the terms and conditions set forth below. The scope of our engagement and our work on your behalf will be to represent the Client in connection with its Chapter 11 Bankruptcy. Our representation of the Client in the Chapter 11 Bankruptcy case includes advising you with respect to all legal matters in connection with the continued operation of its business, the rejecting of executory contracts, the making of new contracts, preparing pleadings and applications, and the conducting of examinations incidental to administration of the bankruptcy proceeding, developing the relationship of the status of the Client to the claims of creditors, advising it of its rights, duties, and obligations as a debtor operating under Chapter 11 of the Bankruptcy Code, taking any and all necessary action incident to the proper preservation and administration of the bankruptcy estate, and advising the Client in the formulation and presentation of a Plan of Reorganization pursuant to Chapter 11 of the Bankruptcy Code and concerning matters relating thereto. If you wish for us to do any other work, please call me so that we can modify this agreement or agree on an additional engagement.

     I will act as principal attorney contact and handle or oversee all matters relating to this engagement. We will handle this matter on an hourly basis at our standard hourly rates. We will make application to the court for our fees but will send you a bill monthly. My standard rate is currently $450 per hour. The fulfillment of this engagement may require the use of other attorneys or paralegals depending on their availability and the nature of the services provided. Currently, the range of rates for individuals who may be working on your behalf is $235-$600 per hour for Attorneys and $135-$190 per hour for Paralegals.

---

# EXHIBIT A



Dove Valley Scottsdale, LLC
April 14, 2011
Page 2

     Please review carefully our firm's Terms of Engagement, which are attached to this engagement letter, and are part of our agreement with you. If we continue to represent you on other matters other than the original engagement, the terms of our representation will continue as outlined in this letter and in those Terms.

     Our firm's policy also requires that we receive a retainer in the amount of $50,000 before we can represent the Client in this matter. As more fully described in the enclosed Terms of Engagement, the full amount of this retainer needs to be maintained during our engagement. We can not apply against the retainer without an order from the bankruptcy court. If the amount of the retainer proves to be insufficient to cover current expenses and fees, it may need to be increased.

     Upon receipt of a signed copy of this engagement letter together with your check made payable to Polsinelli Shughart, P.C. for the sum of $50,000, we will begin working on this engagement.

     Please acknowledge your acceptance of the above engagement terms by executing the enclosed copy of this letter in the space provided and returning it to me in the envelope provided, along with the required retainer. Please also let me know if you have any questions or concerns.

     I sincerely appreciate the opportunity to work with you.

          Sincerely,

          POLSINELLI SHUGHART P C

          Mark W. Roth

MWR/tmh

     The foregoing engagement and the enclosed Terms of Engagement are hereby accepted this 14th day of _____April_____, 2011.

          DOVE VALLEY SCOTTSDALE, LLC

          By: _____
          Its: a manager of its manager

# EXHIBIT A

*Terms of Engagement*
*for Legal Services*

### The Scope of our Work

You should have a clear understanding of the legal services we will provide. The scope of our representation is set out in our engagement letter. Please let us know if your understanding of the scope of our engagement is different.

It is our policy that the attorney-client relationship will be considered terminated when we have completed any services that you have retained us to perform. If you then wish to retain us to perform additional services, our attorney-client relationship may be revived by mutual agreement subject to these terms of engagement, as they may be supplemented or modified at that time.

We will act on your behalf to the best of our ability. Any expressions on our part concerning the potential outcome of your legal matters are expressions of our best professional judgment, but are not guarantees. Our opinions are necessarily limited by our knowledge of the facts and are based on the state of the law at the time they are expressed.

### Who Will Provide the Legal Services

Each firm client is typically served by a principal attorney contact. Clients should have confidence in their principal attorneys and enjoy working with them. You are free to request a change of principal attorney at any time. Subject to the supervisory role of the principal attorney, your work or parts of it may be performed by other lawyers and legal assistants in the firm. Such delegation may be for the purpose of involving lawyers or legal assistants with experience in a given area or for the purpose of providing services on the most efficient and timely basis. Whenever practicable, we will advise you of the names of those attorneys and legal assistants who work on your matters.

### How Fees Will Be Set

The exact fee arrangement for your matter is set out in your engagement letter. Typically, our firm charges for work on an hourly basis. We will keep accurate records of the time we devote to your work, including conferences (both in person and over the telephone), negotiations, factual and legal research and analysis, document preparation and revision, travel on your behalf, and other related matters. We record our time in units of tenths of an hour.

The current hourly rates for your principal attorney, and a range of rates for other lawyers and legal assistants who may work on your matter, are set out in your engagement letter. These hourly rates are adjusted annually, usually in December, to reflect current levels of legal experience, changes in overhead costs and other factors, and any revised rates will apply to your matter if it is still being handled by us as of the date the new rates become effective.

For certain well defined services, for example, a simple business incorporation, we may quote a flat fee. We do not accept representation on a flat fee basis except in such defined-service areas or in accordance with a special arrangement tailored to the needs of a particular

# EXHIBIT A



client. In all such situations, the flat fee arrangement will be expressed in a letter, setting forth both the amount of the fee and the scope of the services to be provided.

Our firm is receptive to alternative fee arrangements, such as contingent fees, in certain limited circumstances. Any such alternative fee arrangement must be reflected in a separate alternative fee agreement. Any contingent fee arrangement must also be approved by our contingent fee review committee, and signed by you.

## *Expenses*

We typically incur and pay on behalf of our clients a variety of expenses arising in connection with legal services. These include charges made by both outside vendors as well as expenses incurred by us in-house. Typical of such expenses are long distance telephone expenses, messenger, courier, and express delivery charges, telecopy and telex charges, expenses incurred in connection with printing and reproduction, filing fees, deposition and transcript costs, witness fees, travel expenses, charges made by outside experts and consultants, including accountants, appraisers, and other legal counsel (unless arrangements for direct billing have been made), and expenses incurred in connection with computerized legal research. We incur outside costs as agents for our clients and incur internal expenses on behalf of our clients, who agree that these costs will always be paid on a regular basis.

## *Conflicts of Interest*

It is our policy that the person or entity we represent is the person or entity identified in our engagement letter and does not include any affiliates of such person or entity. For example, if you are a corporation or partnership, we are not in this engagement representing any parents, subsidiaries, employees, officers, directors, shareholders or partners of the corporation or partnership, or any commonly-owned corporations or partnerships. Thus, for conflict of interest purposes, we may represent another client with interests adverse to any such affiliate without obtaining your consent.

## *Retainer and Trust Deposits*

New clients of the firm are commonly asked to deposit a retainer with the firm. Typically, the retainer is equal to the fees and costs likely to be incurred during a two-month period except for representation of debtors in bankruptcy cases. In bankruptcy cases, the retainer is segregated and cannot be applied to fees and expenses incurred until the firm applies for and receives bankruptcy court approval. When such fees and expenses have been approved by the Bankruptcy Court, the firm may immediately credit such amount against your retainer. It may become necessary to have the retainer replenished during the bankruptcy case, in which case we will either request that a non-debtor party provide a retainer or will seek authority from the Court to have the Debtor replenish the retainer. At the conclusion of our legal representation or at such time as a retainer is unnecessary, the remaining balance, if any, will be returned to the party providing the retainer.

# EXHIBIT A

Deposits received to cover specific items will be disbursed as provided in our agreement with you, and you will be notified from time to time of the amounts applied or withdrawn. Any amount remaining after such disbursements will be returned to you.

All trust deposits we receive from you, including retainers, will be placed in a trust account for your benefit. Interest earned on the segregated trust account will be added to the deposit for your benefit and will be includable in your taxable income.

## Document Retention

The working documents we maintain during our representation of you ultimately belong to you, the client. You may request them at any time. If you wish to receive all or a portion of the working documents, please advise us in writing. It is our general policy to destroy all files that clients have not specifically requested ten years after our representation ends. In the absence of a specific written request from you, we will adhere to our general policy.

## Use of E-Mail

At times we may communicate with you by e-mail to ensure efficient and timely consideration of matters related to the representation. There is some risk that e mail, like other forms of communication, may not be kept confidential. One risk is the remote possibility that an e-mail message may be deliberately intercepted by a third party as it is traveling on the internet. You should also be aware that e mail may be available to third parties, including network administrators, who have access to your computer terminal, as well as to other individuals who have or obtain access to your computer's storage memory or your internet e-mail account. Although we believe use of e-mail poses no greater risk of interception than use of more traditional methods like mail, telephone and telefax, if you do not authorize us to use e-mail to discuss our representation, including confidential matters relating to that representation, please advise us immediately. If you do not so advise us, we will assume that you authorize us to use e-mail to communicate with you about all matters.

## Termination

You may terminate our representation at any time, with or without cause, by notifying us. Your termination of our services will not affect your responsibility for payment of legal services rendered, and out-of-pocket costs incurred, both before termination and in connection with an orderly transition of the matter.

We are subject to the codes of professional responsibility or rules of professional conduct for the jurisdictions in which we practice, which list several types of conduct or circumstances that require or allow us to withdraw from representing a client, including, for example: nonpayment of fees or costs, misrepresentation or failure to disclose material facts, and conflict of interest with another client. We try to identify in advance and discuss with our clients any situation that may lead to our withdrawal, and if withdrawal ever becomes necessary, we immediately give the client written notice of our withdrawal.